### NEAL et al. v. SHERRIFF et al.

(Supreme Court, Appellate Division, First Department.   June 8, 1900.)

DEPOSITIONS—COMMISSION—IMPROPER EXECUTION—DILIGENCE—STAY OF PROCEEDINGS.

Where reasonable diligence was shown by defendants in the procurement and execution of a commission to examine witnesses in a foreign country, without whose testimony no defense could be made, and its improper execution, necessitating suppression, was without fault on their part, but was due to the commissioner's neglect or failure to understand the commission, the matter being also complicated by war in such country, and it was practically evident that the case could not be tried before a certain term of court, it was proper to grant a further commission and a stay of proceedings until such term, when no serious prejudice to plaintiff's rights would ensue.

Appeal from special term, New York county.

Action by Edwin S. Neal and another against George B. Sherriff and another.   From an order granting defendants a commission to examine witnesses, with a stay of proceedings, plaintiffs appeal.   Modified.

Argued before PATTERSON, P. J., and HATCH, McLAUGHLIN, and INGRAHAM, JJ.

J. E. Russell, Jr., for appellants.
Charles Haldane Johnson, for respondents.

HATCH, J.   This action is brought to recover the balance of the purchase price of a quantity of oil shipped by the plaintiff to the defendants at Johannesburg, Africa.   The defense consists of counterclaims for rebate on account of shortage in the quantity of oil shipped. It appears from the moving papers that one commission was issued to the United States consul at Johannesburg, but that through neglect, or failure to understand it, or both, the commission was never properly executed.   The matter seems also to have been complicated by a condition of war in that country.   Under ordinary circumstances, a stay of proceedings ought not to be granted in this case; nevertheless, the papers show that there has been reasonable diligence upon the part of the defendants in procuring the commission to be issued and executed, and that they are in no wise in fault.   To deny a stay would have the practical force of striking out the defendants' answer. They have no witnesses in this country, and can make no defense unless they procure testimony by commission.   The papers which were returned by the consul show a disregard of his duties as commissioner,

and by reason of such fact the commission was suppressed; but the court, in granting the motion, gave leave to move for a further commission. Upon such application the court below reached the conclusion that the order should be granted, with a stay of proceedings until the return of the commission. While the defendants should not be permitted to unreasonably delay the action, yet if, without serious prejudice to the plaintiffs' rights, the evidence upon which the defendants rely can be obtained, a course producing that result should be followed. It is practically evident that this case cannot be tried before the fall term of the court. During the intervening time it is quite probable that the commission can be executed and returned, and, if it is not, further delay may well be considered unreasonable. But this will to some extent depend upon the then existing facts. If the commission should then have been executed, and was being returned, and had not yet reached this country, a basis would exist for further continuing the stay. We cannot foresee what will be the conditions at the opening of the court in the fall. It is now clearly evident, however, that the duty is imposed upon the defendants of exercising the utmost diligence in procuring the commission to be executed and returned. Any subsequent application in respect thereto which they may make to the court it is quite likely cannot be based upon legal right, but must be addressed to the favor of the court, and it is this condition which will require that they be without fault if another application become necessary. We think the substantial rights of these parties can be preserved by affirming the order below, except to limit the stay of proceedings until the October term of the court, but without prejudice to the defendants' right to move at that time for a further stay as they shall be advised. As so modified, the order should be affirmed, without costs of this appeal to either party. All concur.